IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD D. PARKELL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-723-GBW |
| | ) | |
| VERY SHORT JUAN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Plaintiff Donald D. Parkell, who is currently in custody at the Sussex Correctional Institution (SCI) in Georgetown, Delaware, filed a "class action complaint" *pro se*, alleging federal civil rights violations under 42 U.S.C. § 1983. (D.I. 2.) The complaint is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b). At this early stage of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the class action complaint, a correctional officer, identified as "Very Short Juan Doe," used disproportionate or excessive force on June 1, 2025, in violation of the constitutional rights of Plaintiff, and all other inmates housed in D-Quad at SCI. (*See* D.I. 2.) Specifically, Defendant is alleged to have ordered all inmates in D-Quad to "lie down on their bed for 30 minutes as punishment for disrespecting him," when Defendant thought inmates in D-Quad were making fun of or disrespecting him. (*Id.* at 3.) The complaint maintains that inmates were not, in fact, making fun of Defendant or disrespecting him. (*Id.* at 2.) The language and tone of the complaint casts some doubt on this claim. (*See, e.g., id.* ("Very short officer then yelled for close to two minutes in a rambling manner, his voice breaking as he strained to deepen his voice intentionally.").)

Regardless, the complaint must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). First, Plaintiff has not held himself out as a lawyer, and non-lawyer *pro se* litigants are unable to represent other members of a class in a class-action proceeding. *See Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009) ("[P]ro se litigants are generally not appropriate as class representatives."); *Ezekoye v. Ocwen Fed. Bank FSB*, 179 F. App'x 111, 113 (3d Cir. 2006) ("[A] pro se litigant may not represent the interest of a class in a class action lawsuit."). Second, no action by Defendant here alleged rises to level of a

constitutional rights violation. (*See* D.I. 2.) In the context of confinement, "temporary inconveniences and discomforts incident thereto cannot be regarded as a basis for judicial relief" in a § 1983 suit. *Ford v. Bd. of Managers of New Jersey State Prison*, 407 F.2d 937, 940 (3d Cir. 1969). Based on the facts alleged, amendment is futile.

AND NOW, on this 1st day of August 2025, IT IS HEREBY ORDERED:

1. The complaint (D.I. 2) is **DISMISSED** with prejudice.//
2. The Clerk of Court is directed to **CLOSE** this case.

_____
The Honorable Gregory B. Williams
United States District Judge